**No. 63624.**—J. E. Bernard & Company, Inc. v. United States, protest 318391–K/9110 (Chicago).

Oliver, Chief Judge: This protest relates to certain metal seats with safety belts and cotton covers. The merchandise covered by entry 6952 was classified as an entirety and assessed with duty at the rate of 21 per centum ad valorem under paragraph 397 of the Tariff Act of 1930, as modified by T.D. 54108, as articles composed in chief value of metal, not specially provided for. In entry 7056, the collector applied two classifications. The metal seat was classified as a manufacture of metal, not specially provided for, under paragraph 397, as modified, *supra*. The safety belts and covers were classified as manufactures of cotton, not specially provided for, under paragraph 923 of the Tariff Act of 1930, as modified, carrying a dutiable rate of 20 per centum ad valorem. Plaintiff claims that all of the merchandise in question is properly classifiable as parts of airplanes, under paragraph 370 of the Tariff Act of 1930, as modified by T.D. 54108, with a duty assessment of only 14 per centum ad valorem.

All of the evidence herein was introduced by plaintiff. The sole witness was the station manager at the Lufthansa Airlines Station at Chicago, Midway Airport. He stated that he has held the position since 1955. Prior thereto, he was assistant station manager for Air France, from 1953 to 1955.

The witness' uncontradicted testimony establishes that the articles in question are metal airplane seats, each equipped with a safety belt and cotton covers. All of the articles were especially designed for, and exclusively used by, Lufthansa Airlines to "seat passengers of the tourist class." Each seat must have a safety belt under requirements of the Civil Aeronautics Administration. The back is fitted with a zipper pocket for holding meal trays, and underneath is a pocket for a life raft. On the left armrest, there is a push button for reclining the seat to a desired position. These tourist seats, as the articles in question were identified by the witness, are made according to specifications of the Civil Aeronautics Administration with respect to weight, safety, and construction. They are hooked, or fastened by means of bolts and nuts, into a groove in the floor of the airplane, and are so constructed as to be removable. This type of construction is necessary to meet requirements of the International Air Transport Association, governing "seat distance" in airplanes. Space between seats on airplanes is based on the type or class of passenger accommodations. As stated by the witness, "We cannot offer a tourist passenger a first-class seat. That's why we have to change the seats." (R. 9.) Under rules and regulations laid down by the Civil Aeronautics Administration, every passenger on an airplane must be seated. In accordance therewith, all mixed flights of the Lufthansa Airlines, carrying tourist and first-class passengers, must have tourist seats, such as those under consideration.

The case of *United States* v. *Bosch Magneto Co.*, 13 Ct. Cust. Appls. 569, T.D. 41434, has controlling effect. There, the merchandise consisted of certain horns and lamps that were held to be classifiable as parts of automobiles. In reaching the conclusion, the appellate court recognized that "the law required the use of horns and lamps on automobiles," and then stated as follows:

We think lamps and horns are essential and necessary parts of automobiles and that automobiles can not be efficiently, safely, or properly operated without them. Even if we were to adopt the test made in certain cited cases where, if

the use is optional, it is not "a part," we would not regard our views in this case as in conflict with decided cases, since it is a matter of common knowledge that the use of lamps and horns is not optional if the operator of the machine operates it in a safe, efficient, and proper manner. The machine could be operated without mud guards, without tires, and without a wind shield, and yet it is obvious that they are necessary and generally required if the machine is to be operated in its usual manner. To operate an automobile without lights would certainly limit it to day operations, and the use of a horn or some other sounding device is usually so essential to the safety of the operator of the car and to the public in general as to make its use almost indispensable.

The foregoing case was cited with approval in a line of decisions, holding different kinds of articles to be classifiable as parts of airplanes. *International Forwarding Co.* v. *United States,* 56 Treas. Dec. 806, Abstract 9653 ; *Command-Aire (Inc.)* v. *United States,* 58 Treas. Dec. 325, T.D. 44278; *R. W. Cramer & Co.* v. *United States,* 60 Treas. Dec. 874, T.D. 45270 ; and *Crawford Airplane Co.* v. *United States,* 62 Treas. Dec. 948, Abstract 21821. Following is a brief reference to each of those cases. The *International Forwarding Co.* case involved a compass, that was "especially constructed and exclusively designed for use in an airplane, as required by regulations of air commerce." The *Command-Aire (Inc.)* case involved so-called phylax aero fire extinguishers that were designed for, and exclusively used in, airplanes built by the plaintiff. In holding the merchandise to be parts of airplanes, this court stated that "although the article does not affect the flying qualities of the plane, it is used to promote the safety of the operator and passengers of the plane," and then made the further comment that "the regulations of the Department of Commerce require the installation of fire extinguishers in all airplanes." The *R. W. Cramer & Co.* case related to certain tachometers, exclusively used on airplanes for the sole purpose of indicating to the pilot the rate or number of revolutions per minute made by the propeller. In this case, as in the others, the article in question was an essential item of equipment to make an airplane airworthy, under mandatory regulations of the Department of Commerce. In the *Crawford Airplane Co.* case, safety belts were held to be parts of airplanes.

The principle, governing the tariff classifications of imported merchandise as a part of an article, is succinctly stated in *United States* v. *Willoughby Camera Stores, Inc.,* 21 C.C.P.A. (Customs) 322, T.D. 46851, which involved certain tripods, composed of wood. In rejecting the importer's claim for classification of such tripods as parts of cameras, the Court of Customs and Patents Appeals stated as follows :

It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined, could not *function as such article.* * * * [Italics quoted.]

Under the foregoing judicial pronouncement, and consistent with all of the decisions hereinabove cited, the merchandise in question is properly classifiable as parts of airplanes. That these articles are used only when tourist accommodations are supplied, does not affect their classification as parts of airplanes. The case of *United States* v. *Antonio Pompeo,* 43 C.C.P.A. (Customs) 9, C.A.D. 602, is in point. There, the merchandise consisted of certain superchargers, manufactured and specially designed for installation in Ford and Austin automobiles. In holding such superchargers to be classifiable as parts of automobiles, our appellate court stated as follows :

* * * The problem is not whether or not automobiles are customarily manufactured with superchargers, but rather what is the nature and function of the imported superchargers. At the time of importation these superchargers, as the undisputed evidence clearly shows, are dedicated irrevocably for use upon

automobiles. Such being the fact, it is unrealistic to attempt to determine the nature of the superchargers apart from their undisputed ultimate use. * * *

\*   \*   \*   \*   \*   \*   \*

In the instant case there seems to be no doubt but that the involved superchargers are "parts" of automobiles after they are installed upon the automobiles. Since the imported superchargers at time of importation are dedicated solely for use upon automobiles, as previously pointed out, and since when applied to that use they clearly meet the definition of "parts" established by the *Willoughby* case, we are of the opinion that they were correctly classified as parts for automobiles.

The same is true with respect to the present merchandise. The tourist seats in question are irrevocably dedicated for use in airplanes. When installed, these articles are necessary for the proper and efficient operation of airplanes, and they are essential for the safety of passengers. Furthermore, their use is mandatory under Government regulations, having the force and effect of law.

On the basis of the present record and for all of the reasons hereinabove set forth, we hold the merchandise in question to be properly dutiable at the rate of 14 per centum ad valorem under paragraph 370 of the Tariff Act of 1930, as modified, as parts of airplanes, as claimed by plaintiff.

The protest is sustained and judgment will be rendered accordingly.